UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GWENDOLYN BRANSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:07-CV-41 |
| ) | (JORDAN/GUYTON) |
| ) | |
| MICHAEL J ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for disposition of plaintiff Gwendolyn Branson's Motion for Attorney Fees Under Equal Access to Justice Act, 20 U.S.C. § 2412(d) [Doc. 21], filed February 6, 2008.[1] Plaintiff requests the Court enter an Order awarding attorney fees in the amount of $1,800.90 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1). The Commissioner, in response, does not oppose payment of attorney fees to plaintiff under the Equal Access to Justice Act, but contends the fee calculations used by plaintiff's counsel is incorrect and submits the hourly rate for attorney work in 2007 is $154/hour and the hourly rate for attorney work in 2008 is $159/hour [Doc. 23].

---

[1] Plaintiff also filed a Memorandum in Support [Doc. 22] and a Declaration of Plaintiff's Attorney [Doc. 22-2] wherein her attorney sets forth the attorney, law clerk, and paralegal time spent on this case in federal court.

On January 18, 2008, United States District Judge Leon Jordan entered an Order granting plaintiff's Motion for Summary Judgment, denying defendant's Motion for Summary Judgment, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) [Doc. 19].

Four conditions must be met before an attorney is entitled to EAJA attorney's fees:

> 1. Plaintiff must be a prevailing party;
>
> 2. The government's position must be without substantial justification;
>
> 3. No special circumstances warranting denial of fees may exist;
>
> 4. The application for attorney's fees must be filed within 30 days of the final judgment in the action.

28 U.S.C. § 2412(d)(1). In this case, plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991). The proper "substantial justification" standard in EAJA cases is "whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). In turn, the Commissioner filed a Response, stating he did not oppose plaintiff's request for EAJA attorney's fees, thereby conceding that the government's position in this matter was not substantially justified [Doc. 23]. Further, the Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust.

Plaintiff requests fees in the total amount of $1,800.90. This includes compensation for 1.9 hours of attorney time at a rate of $151.00. Plaintiff seeks an increase in the $125 maximum hourly rate to $151.00/hour for work performed in both 2007 and 2008 [Doc. 22-2]. Plaintiff justifies the increase by application of the Bureau of Labor Statistics Consumer Price Index ("CPI"), calculating

2

the increase in the cost of living from March 1996, when the $125/hour rate was set. Use of the CPI has been accepted in this district. See London v. Halter, 203 F.Supp.2d 367, 373-74 (E.D. Tenn., Edgar, 2001). Plaintiff also seeks compensation for 5 hours of work performed by counsel's paralegal and 16 hours of law clerk time. Paralegal time is calculated at the rate of $50.00/hour. Law clerk time is calculated at the rate of $79.00/hour. Counsel provides a billing statement and avers the hours spent were reasonable and necessary to provide good representation.

While not objecting to the overall motion for attorney's fees, the Commissioner contends plaintiff used the wrong formula to calculate the proposed fee award and submits this Court should recalculate the fee award in accordance with Cook v. Barnhart, No. 3:00-CV-567 (E.D. Tenn., Jordan, Jan. 14, 2003). The Court agrees with the Commission that the formula set forth in Cook is "proper mathematical expression of hourly rates for attorney work under the EAJA" [Doc. 23 at 2]. Accordingly, the Court finds the following hourly rates applicable: $154/hour for attorney work performed in 2007 and $159/hour for attorney work performed in 2008. Therefore, the fee calculations for attorney work in this matter are as follows: $184.80 in 2007 ($154.00 times 1.2 hours) plus $111.30 ($159.00 times .7 hours). Thus, the Court recommends plaintiff be awarded $296.10 for attorney work.

While the Commissioner correctly points out that "compensation for paralegal services rendered after January 1, 2002, shall be paid at the $46.00 per hour rate unless or until adjusted by future orders of the court" Cook, No. 3:00-CV-567 at 5, the Court recommends to the District Court that an increase in the hourly rate for paralegal work is warranted since the Cook case was decided in January 2003, over five years ago. Accordingly, the Court recommends the reimbursable rate for

3

paralegal work be increased to $50.00 and that the fee calculation for paralegal work in this case be calculated as follows: $50.00 times 5 hours equals $250.00.

While the Commissioner does not contest to the reimbursement of law clerk time nor does he object to plaintiff's counsel's calculation of reimbursement of law clerk time at $79.00/hour, this Court finds a prevailing market rate has not been established in the Eastern District for law clerk compensation/reimbursement. The EAJA provides that the amount of fees awarded must be based "upon prevailing market rates" 28 U.S.C. § 2412(d)(2)(A). Since it is "proper to award a reduced hourly rate under the EAJA for non-attorney time spent by paralegals, law clerks, and law students on the theory that their work contributed to their supervising attorney's work product was traditionally done and billed by attorneys, and could be done effectively by non-attorneys under supervision for a lower rate, thereby lowering overall litigation costs," Wilson v. Barnhart, 2006 WL 3455071, *1 (W.D. Va. Nov. 30, 2006), this Court recommends the District Court find law clerk work be reimbursed in the Eastern District at a rate of $75.00/hour. Thus, in this case, the Court recommends the fee calculation for law clerk work completed as follows: $75.00 times 16 hours equals $1,200.00.

Therefore, it is hereby **RECOMMENDED**[2] that plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412(d) **[Doc. 21]** be **GRANTED** and plaintiff be awarded attorneys fees in the amount of $1,746.10.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).